# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALISON LEARY and TIMOTHY LEARY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MCGOWEN ENTERPRISES, INC.,<br><br>Defendant. | Civil Action<br><br>No. 2:17-CV-02070-BMS |

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

On October 2, 2018, this Court heard Alison N. Leary's and Timothy M. Leary's ("Plaintiffs") motion for final approval of the class action settlement. This Court reviewed: (a) the motion, and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement") and all attachments thereto;[1] (b) any objections filed with or presented to the Court; (c) the parties' responses to any objections; (d) counsels' arguments; and (e) all evidence and testimony presented at the Fairness Hearing. Based on this review and the findings below, the Court grants the motion.

**FINDINGS:**

    **1.**    Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it.). The Court took into account: (a) the complexity of Plaintiffs' theory of liability; (b) the arguments raised by McGowen Enterprises, Inc. ("MEI") in its pleadings that could potentially preclude or reduce the

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

recovery by Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and MEI's Counsel resulting in the Settlement Agreement.

3. The Settlement Agreement provides substantial and adequate value to the class in the form of Settlement Payments and injunctive relief.

4. MEI provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final Fairness Hearing.

5. The Parties adequately performed their obligations under the Settlement Agreement.

6. For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Settlement Class, as defined below, meet all of the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23 (a) and (b)(3).

7. An incentive award to Named Plaintiffs of $5,000 is fair and reasonable in light of: (a) Named Plaintiffs' risks (including financial, professional, and emotional) in commencing

this action as the Settlement Class Representatives; (b) the time and effort spent by Named Plaintiffs in litigating this action as the Settlement Class Representatives; and (c) Named Plaintiffs' actions in seeking relief on behalf of others similarly situated.

**IT IS ORDERED THAT:**

1. **Class Members.** The Class Members are defined as:

    All consumers in the United States who, between May 5, 2013 and January 8, 2017, purchased a vehicle from Car Sense Inc. (now MEI) and accepted the Lifetime Engine Guarantee offered by Car Sense Inc.

2. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement and binds all Class Members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order. This order does not bind persons who filed timely and valid Requests for Exclusion.

3. **Appointment of Class Counsel.** The Court appoints Mark T. Johnson, Of Counsel for the firm, and the firm itself, Schneider Wallace Cottrell Konecky Wotkyns LLP, as Class Counsel.

4. **Release and Injunction.** Upon the entry of Final Judgment, Plaintiffs and all Class Members who did not properly request exclusion, and each of their respective successors, assigns, heirs, and personal representatives, have released MEI—and its subsidiaries, affiliates, assignees, and indemnitees—as well as each of MEI and these entities' past or present officers, directors, shareholders, owners, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, attorneys, and insurers from the Released Claims. The "*Released Claims*" are defined as all manner of action, causes of action, claims, demands, rights, suits, or liabilities, of any nature whatsoever, known or unknown, asserted or unasserted, in law or equity, fixed or contingent, which Class Members have or may have arising out of or relating to the allegedly illegal tying provision in the LifeTime Engine Guarantee referred to in the Action, Complaint, or Amended Complaint. In addition, upon the entry of Final Judgment,

Plaintiffs and all Class Members, and each of their respective successors, assigns, heirs, and personal representatives, are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims.

**5.** **Class Relief.** MEI, through the Claims Administrator, will issue a Settlement Payment to each Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) pursuant to the timeline stated in Section 3.10 of the Settlement Agreement.

**6.** **Attorneys' Fees and Costs.** Class Counsel is awarded $280,000 in fees and $10,000 in costs. Payment shall be made pursuant to the timeline stated in Section 2.3 of the Settlement Agreement.

**7.** **Incentive Award.** Plaintiffs are awarded $5,000 as incentive awards. Payment shall be made pursuant to the timeline stated in Section 2.2 of the Settlement Agreement.

**8.** **Court's Jurisdiction.** Pursuant to the parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

DATED: October 15, 2018              **BY THE COURT:**

                                     _____
                                     **Berle M. Schiller, J.**